IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTINA SAIZ,

    Plaintiff,

v.                                                         Civ. No. 22-814 GBW/KRS

BOARD OF COUNTY COMMISSIONERS
OF DONA ANA, *et al.*,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER comes before the Court on Defendants Board of County Commissioners of Doña Ana and Doña Ana County Sheriff's Department's Motion to Dismiss Plaintiff's First Amended Complaint for Civil Rights Violations. *Doc. 11.* Having reviewed the Motion and the attendant briefing (*docs. 14, 15*), and being otherwise fully advised regarding relevant case law, the Court GRANTS the Motion.

**I.**     **BACKGROUND**

Plaintiff filed the operative First Amended Complaint for Civil Rights Violations on November 15, 2022. *Doc. 10.* The facts alleged by Plaintiff include the following. On December 9, 2021, at approximately 7:00 p.m., two Doña Ana County Sheriff's Office Deputies, Defendants Joohyun Kim ("Kim") and Armando Alaniz ("Alaniz"), went to Plaintiff's home to serve an arrest warrant for a woman named Christina Garcia. *Doc. 10* at ¶¶ 3, 5, 14. When Plaintiff answered her front door, Defendants Kim and Alaniz

1

"informed her in a voice loud enough to be heard by a neighbor across the street" that they had a warrant for her arrest. *Id.* at ¶ 15. Plaintiff told Defendants Kim and Alaniz that "they had the wrong person" and handed Defendant Kim her driver's license, which he pocketed without further inspection. *Id.* at ¶¶ 16-17. During Plaintiff's exchange with Defendants Kim and Alaniz, she informed them that she suffers from severe anxiety and "other diagnosed mental health conditions." *Id.* at ¶ 27. Although Defendants Kim and Alaniz did not "verify they were arresting the right individual and failed to compare the arrest warrant's physical description of Christine Garcia" to Plaintiff's physical appearance, Defendant Kim then marched Plaintiff in handcuffs from her front door to the deputies' SUV and placed Plaintiff in the backseat. *Id.* at ¶¶ 18, 21. Meanwhile, the "commotion" caused by Plaintiff's arrest caused her neighbors to gather and watch, and Defendant Alaniz told one observer that Plaintiff was wanted by law enforcement and had been using a false name. *Id.* at ¶¶ 22-23. Defendants Kim and Alaniz then drove Plaintiff to the Doña Ana Detention Center. *See id.* at ¶¶ 24, 29. It was not until after Defendants Kim and Alaniz and Plaintiff arrived at the Doña Ana Detention Center that Defendants Kim and Alaniz attempted to confirm Plaintiff's identity and realized that they had arrested the wrong person. *Id.* at ¶ 24.

Based on these allegations, Plaintiff brings eight claims. In Counts I and II, Plaintiff alleges violations of her Fourth Amendment right to be free from unreasonable searches based on (1) the deputies' lack of a legitimate basis for their search of Plaintiff's

person and property and (2) the deputies' arrest of Plaintiff despite having proof that she was a different person than the person for whom they had an arrest warrant. *Id.* at ¶¶ 32-41. Count III is captioned "Negligent Supervision and/or Training" and "Deliberate Indifference" and alleges that Defendants Board of County Commissioners of Doña Ana County and Doña Ana County Sheriff's Office (these Defendants collectively, the "County Defendants") were deliberately indifferent to Plaintiff's constitutional rights by (1) failing to properly train their officers "on the process of serving arrest warrants" and/or (2) having a "custom, pattern, or practice towards serving arrest warrants [that] demonstrates an obvious need for more or different training." *Id.* at ¶¶ 42-46. In Counts IV, V, VI, and VIII, Plaintiff brings claims against Defendants Kim and Alaniz under the New Mexico Tort Claims Act for False Arrest, Assault, Battery, and Defamation of Character. *Id.* at ¶¶ 47-60, 67-70. In Count VII, Plaintiff alleges a claim for Negligent Supervision and/or Training under the New Mexico Tort Claims Act against Defendant Alaniz based on his failure to supervise and train Defendant Kim. *Id.* at ¶¶ 61-66. Finally, Plaintiff brings a claim based on a *respondeat superior* theory against Defendant Board of County Commissioners of Doña Ana County for Defendants Kim and Alaniz's actions. *Id.* at ¶¶ 74-76.

The County Defendants filed the instant Motion on November 29, 2022, seeking dismissal of Count III of the Amended Complaint and of Defendant Doña Ana County Sheriff's Office. *Doc. 11* at 11. Plaintiff filed a response on December 14, 2022. *See doc.*

*14*. The Motion was fully briefed on January 6, 2023, *see doc. 16*, with the filing of the County Defendants' reply, *doc. 15*.[1]

## II.   STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). However, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not impose a probability requirement." *Twombly*,

---

[1] Counsel is reminded about the briefing deadlines imposed by the local rules. Pursuant to Local Rule 7.4, Plaintiff's response was due no later than December 13, 2022, and, based on the date Plaintiff filed her response, County Defendants' reply was due no later than December 28, 2022. *See* D.N.M.LR-Civ. 7.4(a). If counsel agree to extensions, a notice of such agreements must be filed. *Id*. Nonetheless, the Court has the authority to waive the application of any local rule, and will do so here. D.N.M.LR-Civ. 1.7; *Hernandez v. George*, 793 F.2d 264, 266-67 (10th Cir. 1986).

550 U.S. at 556.  Rather, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'"  *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  The complaint must only be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct"; otherwise, the plaintiff has not shown entitlement to relief.  *Id*. at 679.

### III.  ANALYSIS

The County Defendants argue that Count III of the Amended Complaint—which brings a claim based on the County Defendants' alleged failure to properly train officers on how to serve arrest warrants and their "custom, pattern, or practice towards serving arrest warrants," *see doc. 10* at ¶¶ 43-44—is subject to dismissal under Rule 12(b)(6) because it fails to sufficiently allege a claim based on *Monell* liability, *see doc. 11* at 2.  Specifically, the County Defendants contend that Plaintiff fails to state a *Monell* claim because the Amended Complaint fails to plead facts sufficient to identify a specific, unconstitutional custom or policy or to establish causation and deliberate indifference on the part of policymakers.  *Id.*  In addition, the County Defendants argue that

Defendant Doña Ana County Sheriff's Office should be dismissed from this case with prejudice because it is a nonsuable entity pursuant to N.M. Stat. Ann. § 4-46-1.

### A. Count III

A municipality cannot be held vicariously liable under 42 U.S.C. § 1983 merely because of the acts of its agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). Rather, a municipality is liable only if "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Accordingly, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).

In order to meet the second element of her burden, Plaintiff must "identify 'a government's policy or custom' that caused the injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (quoting *Monell*, 436 U.S. at 694). The challenged policy or custom may take different forms. *See Cacioppo v. Town of Vail*, 528 F. App'x 929, 931–32 (10th Cir. 2013) (unpublished). "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider*,

6

717 F.3d at 770. For liability to attach, the plaintiff must demonstrate a "direct causal link between the custom or policy and the violation alleged." *Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997) (quoting *Jenkins v. Wood,* 81 F.3d 988, 993–94 (10th Cir. 1996)). Generally, a "single incident of unconstitutional activity is not sufficient to impose liability" under *Monell*. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Here, Plaintiff argues that dismissal of Count III is inappropriate under Rule 12(b)(6) because her allegations are sufficient to allege an unconstitutional custom or policy in the form of deliberately indifferent training or supervision.[2] *See doc. 14* at 8. The Court disagrees.

Liability based on a failure to train requires a "conscious" choice from the municipal defendant, amounting to "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989). A conscious choice may be established "when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation." *Lewis v. McKinley Cnty. Bd. of Cnty. Comm'rs*, 425 F. App'x 723,

---

[2] Plaintiff argues in her Response that the Court should adjudicate the instant Motion by applying legal standards applicable to claims for supervisory liability. *See doc. 14* at 5-6, 8-9. The Court does not find that such standards are applicable to the instant Motion because supervisory liability claims are properly asserted against individuals, so Count III is not reasonably read to allege a supervisory liability claim. *See Lopez v. Bd. of Cnty. Comm'rs for Lea Cnty.*, 15-CV-0822 WPJ/LAM, 2016 WL 10588126, at *2 (D.N.M. Mar. 4, 2016) (stating that "supervisory liability claims are properly asserted against individuals, and are not based on an entity's custom or policy" (citing *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010))).

726 (10th Cir. 2011) (citation omitted).  Ordinarily, to establish that a municipal defendant had the requisite actual or constructive notice, a plaintiff must prove the existence of a pattern of similar constitutional violations by municipal employees. *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)).  However, the Supreme Court has left open the possibility that in a "narrow range of circumstances," a single violation—as opposed to a pattern of conduct—may be a basis for a failure to train claim "if a violation of federal rights is a 'highly predictable' or 'plainly obvious' consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations."  *Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998) (quoting, *inter alia*, *Brown*, 520 U.S. at 409).

 Here, Plaintiff does not allege a pattern of tortious conduct, *see generally doc. 10*, and the Court finds that Plaintiff's allegations fail to place her claim within the 'narrow range of circumstances' in which a failure to train claim may be based on a single constitutional violation.  Plaintiff argues that she has plausibly alleged that the County Defendants were deliberately indifferent based on the single incident involving Plaintiff because serving warrants and training officers to supervise new recruits are circumstances that one would expect police officers to encounter.  *See doc. 14* at 2.  Problematic for this argument, though, is the lack of any factual allegation in the

Amended Complaint describing the nature of the training (or lack thereof) received by officers in the Doña Ana County Sheriff's Office. The Amended Complaint contains only the bare allegations that—despite being responsible for hiring, training, and supervising deputies—the County Defendants "fail[ed] to properly train . . . officers on the process of serving arrest warrants," and that the County Defendants' "custom, pattern, or practice towards serving arrest warrants demonstrates an obvious need for more or different training." *Id.* at ¶¶ 7, 43-44. Plaintiff stops short of alleging any specific deficiency in the County Defendants' training program as it relates to serving arrest warrants, or any specific deficiency in the training provided to Defendants Alaniz and Kim on serving arrest warrants. In fact, it is not clear from the Amended Complaint whether Plaintiff contends that Defendants Kim and Alaniz received no training, insufficient training, or improper training on how to serve arrest warrants. *See id.* at ¶¶ 42-46. Plaintiff's failure to identify a specific deficiency in a training program is fatal to her *Monell* claim based on failure to train. *See Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (stating that, for purposes of satisfying the deliberate indifference standard for a failure to train *Monell* claim, "[i]t isn't enough to 'show that there were general deficiencies in the county's training program [at issue]'" and that "a plaintiff must 'identify a specific deficiency'" (quoting *Lopez v. LeMaster*, 172 F.3d 756, 760 (10th Cir.1999))); *Saenz v. Lovington Mun. Sch. Dist.*, 105 F. Supp. 3d 1271, 1305 (D.N.M. 2015) ("A nebulous assertion of the need for more or better training does not . . . satisfy the

9

deliberate-indifference standard.  Instead, the plaintiff must point to specific deficiencies in the portions of the training program most closely related to the alleged constitutional violation.") (citation omitted).

Because the Amended Complaint contains no allegations identifying any specific respects in which the training given to Defendants Kim and Alaniz on serving arrest warrants was lacking or insufficient, it necessarily also fails to sufficiently allege a causal connection between the County Defendants' training program and Plaintiff's constitutional injury.  This is also fatal to Plaintiff's *Monell* claim because Plaintiff must demonstrate a "direct causal link" between the County Defendants' actions and the constitutional deprivation.  *Brown*, 520 U.S. at 404 (stating that "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality," because "[t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged"); *Canton*, 489 U.S. at 391 (stating that "for liability to attach . . . the identified deficiency in a city's training program must be closely related to the ultimate injury").  The Court cannot—as Plaintiff requests—infer that the County Defendants were deliberately indifferent from the mere fact that Defendants Alaniz and Kim may have acted recklessly.  *See doc. 14* at 2.  To do so would be to hold the County Defendants liable on a *respondeat superior* theory, a result the Supreme Court expressly rejected in *Monell*.  *See* 436 U.S. at 694.

In making the foregoing conclusions, the Court is unpersuaded by Plaintiff's

10

contention that it is premature to dismiss Count III before Plaintiff has had an opportunity to engage in discovery. The standard for what is a sufficient showing of deliberate indifference in the context of a failure to train *Monell* claim is "stringent," *see Brown*, 520 U.S. at 410, 415, so as to avoid imposing de facto *respondeat superior* liability on municipalities for every constitutional violation perpetrated by a municipal employee, *see Canton*, 489 U.S. at 392 (citing *Monell*, 436 U.S. at 693-94). Additionally, the Court's duty to apply a rigorous standard for causation is heightened where, as here, the alleged municipal policy or practice is itself not unconstitutional. *Schneider*, 717 F.3d at 770. Therefore, it is appropriate to dismiss a failure to train *Monell* claim under Rule 12(b)(6) where a plaintiff fails to allege "what training the Defendants should have given or how that training caused [the incident at issue]." *See Saenz*, 105 F. Supp. 3d at 1315; *Irizarry v. City & Cnty. of Denver*, --- F. Supp. 3d ---, 2023 WL 2528782, at *12 (D. Colo. Mar. 15, 2023) (collecting cases and dismissing a failure to train claim where plaintiffs did not set forth facts concerning "how [a municipal employee] was trained, who trained him, why his training was deficient, or how the incident could have been avoided with different training"). Under these well-established standards, the Amended Complaint fails to allege a sufficient factual basis for a *Monell* claim based on failure to train against the County Defendants, so it will be dismissed.

### B. Defendant Doña Ana County Sheriff's Department

The sole claim brought by Plaintiff in this case against Defendant Doña Ana

County Sheriff's Department is Count III, which the Court has determined should be dismissed under Rule 12(b)(6). Because the Court further determines that Defendant Doña Ana County Sheriff's Department is a nonsuable entity, the dismissal of this Defendant is with prejudice.

Federal Rule of Civil Procedure 17(b) provides that, unless otherwise specified in Rule 17, the capacity to sue or be sued "is determined . . . by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under New Mexico law, the Doña Ana County Sheriff's Department is not a municipal entity distinct from Doña Ana County itself for purposes of lawsuits filed against it. *Angel v. Torrance Cnty. Sheriff's Dep't*, No. CIV 04-195 BB/WPL, 2005 WL 8163621, at *4 (D.N.M. Aug. 23, 2005) (citing, *inter alia*, N.M. Stat. Ann. § 4-46-1 (1978)). New Mexico's "naming statute," § 4-46-1, provides that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of .......... ." N.M. Stat. Ann. § 4-46-1. The Court is persuaded by the opinions of other courts in this District that have found § 4-46-1 to require plaintiffs to bring claims against county sheriff's departments by naming the appropriate board of county commissioners. *See Lamendola v. Taos Cnty. Sheriff's Off.*, 338 F. Supp. 3d 1244, 1251 (D.N.M. 2018); *Angel*, 2005 WL 8163621, at *4; *Sanchez v. Torrance Cnty. Sheriff's Dep't*, No. 1:22-cv-00394-WJ, 2022 WL 16528411, at *4 (D.N.M. Oct. 28, 2022). Therefore, the Court determines that

Defendant Doña Ana County Sheriff's Department should be dismissed with prejudice.[3]

### IV.   CONCLUSION

The County Defendants' motion to dismiss Count III of Plaintiff's First Amended Complaint (*doc. 11*) is GRANTED.  Count III of Plaintiff's First Amended Complaint is DISMISSED WITHOUT PREJUDICE,[4] and Defendant Doña Ana County Sheriff's Department is DISMISSED from this action WITH PREJUDICE.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[3] Plaintiff expresses a concern that dismissing Doña Ana County Sheriff's Department could leave her without a remedy if "Defendant Board of County Commissioners . . . then argue[d] they have no liability for the policies set by the Sheriff's office as New Mexico law does not allow them to have supervisory control over the sheriff's office." *Doc. 14* at 10 (discussing *Lamendola*, 338 F.Supp.3d 1244).  As previously discussed, Plaintiff's claim in Count III is not a claim for supervisory liability; it is a claim for *Monell* liability based on a municipal policy or custom.  *See supra* note 2.  Therefore, to the extent Plaintiff might seek to renew her failure-to-train *Monell* claim against Defendant Board of County Commissioners of Doña Ana, the application of N.M. Stat. Ann. § 4-46-1 would not deprive her of a cause of action.

[4] Plaintiff is reminded of the pleading amendment deadline of May 4, 2023.  *See doc. 24* at 2.